**MOSES TAYLOR HOSPITAL, Appellee**

v.

**Karen WHITE, Personal Representative of the Estate of Kenneth V. White, Deceased, and Karen White, Individually, Appellant**

**K.W.F., INC., Garnishee**

**Appeal of K.W.F., Inc. and William D. Morgan, Esq.**

Superior Court of Pennsylvania.

Argued March 19, 2002.
Filed May 9, 2002.

John B. Randle, West Chester, for appellants.

David F. Cuff, Scranton and Robert P. Sheils, Jr., Clark Summit, for Moses Taylor Hosp., appellee.

Before: FORD ELLIOTT, LALLY–GREEN, and CAVANAUGH, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, K.W.F., Inc. and William D. Morgan, Esq. appeals an order of the Court of Common Pleas of Lackawanna County granting Appellee's Petition for Supplementary Relief in Aid of Execution and directing that all shares of K.W.F., Inc. stock be delivered to Appellee. We affirm.

¶ 2 The trial court stated the factual and procedural history as follows:

In February of 2000, the Court reviewed this sixteen year old case to determine whether we should strike the lien, garnishment, and *lis pendens* filed by Plaintiff Moses Taylor Hospital. The petition to strike had been filed by garnishee K.W.F., Inc. a party which did not dispute that the Hospital is owed the amount of $217,312.00 for medical services provided to Kenneth V. White, who is now deceased. In attempting to satisfy the debt, the Hospital entered a default judgment, and filed a garnishment and attachment on certain property of K.W.F. The garnishee, K.W.F., denies responsibility for Mr. White's debt and, for procedural and factual reasons, sought to have stricken the *lis pendens*, lien, and garnishment. We denied that request, and excerpts for our decision so doing are set forth below.

On August 26, 1999, KWF presented a Petition to Strike *Lis Pendens*, Lein [sic] and Garnishment before the Court. The Petition seeks to strike the indexing as *lis pendens* and any lien or garnishment in this matter on the grounds that KWF never entered into an agreement with the Hospital to assume liability for the medical services provided to Kenneth V. White. The Petition also asserts that the garnishment against KWF should be stricken because said garnishee was never served as a party defendant or garnishee in the original complaint. Additionally, the Petition asserts that an individual named William D. Morgan, and not Kenneth V. White or Karen White, was the only shareholder of KWF stock. Therefore, the Petitioner asserts, the garnishment against KWF is not effective because of Karen White is not an authorized agent of KWF to accept service on behalf of the corporation.

\* \* \*

The record, however, shows a much more noticeable connection between Karen White and KWF, a relationship which, according to the Hospital, shows that KWF is actually a corporation whose existence is for the benefit of Karen White and Kenneth V. White, deceased. . . .

At present, Defendant Morgan refuses to turn over the corporate stock, and the Hospital asks for supplemental relief, with the ultimate goal of having the substantial bill stemming from Kenneth White's illness paid in part or full. Moses Taylor Hospital call [sic] the Court's attention to these facts:

. The underlying judgment of the Hospital is valid.

The property at issue, which is the corporate stock, of K.W.F. Inc., is property in which the debtor has an interest.

Defendant Morgan has possession of the corporate shares of K.W.F., Inc. In reliance on Pa.R.C.P. 3118(a)(5), the Hospital requires supplementary relief in aid of execution on [sic] order to enable Lackawanna County Sheriff's Office to seize the corporate stock pursuant to a writ of execution.

Corporate shares of stock constitute property subject to seizure. *Gulf Mtg. and Realty Investments v. Alten,* 282 Pa.Super. 230, 422 A.2d 1090 (1980).

Trial Court Opinion, 2/9/01, at 1–4 (footnote omitted).

¶ 3 Appellant raises seven issues on appeal:

1) Whether the seizure of the stock fails to preserve the status quo?

2) Whether the court below may decide title to the stock pursuant to Rule 3118?

3) Whether the stock, always owned by another, is property in which the estate or widow have an interest, that is property of the estate or widow?

4) Whether the corporation or the sole stockholder is liable for the medical services debts of the estate or widow?

5) Whether there [sic] any basis to seize the stock if the corporation or the sole stockholder is not liable for the medical services debts of the estate or widow?

6) Whether inchoate or other interests, if any, provided in the Trust between the corporation, the sole stockholder, the widow and the deceased been fully heard and decided in the court below?

7) Whether the estate or widow have an inchoate or other interest in the stock of the corporation to warrant seizure of the stock?

Appellant's Brief at 5.

¶ 4 Preliminarily, we observe that the Pennsylvania Rules of Appellate Procedure set forth the rules applicable to the content of an appellate brief. Pa. R.A.P. 2119 provides in pertinent part:

(a) **General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Issues are waived when they are not addressed in conformance with the rules. *Korn v. Epstein and DeSimone Reporting Group,* 727 A.2d 1130, 1135 (Pa.Super.1999). When an appellant attempts to incorporate by reference issues addressed elsewhere and fails to argue them in his brief, the issues are waived. *Madison Construction Company v. Harleysville Mutual Insurance Company,* 557 Pa. 595, 735 A.2d 100, 109 n. 8 (1999) (*citing In re Petition to Reapportion School Director Regions,* 688 A.2d 1275, 1281 n. 14 (Pa.Cmwlth.1997)). *See also, Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237, 241 (1996) where we stated:

The Rules of Appellate procedure do not authorize the adoption by reference of arguments introduced on prior appeal. Attempts to employ such unorthodox practices result in waiver of the claims thereby identified. See *Smathers v. Smathers*, 448 Pa.Super. 162, 670 A.2d 1159 (1996) (briefs which inadequately explain the claims at issue foreclose meaningful appellate review and may justify quashal); *Commonwealth v. Rodgers*, 413 Pa.Super. 498, 520, 605 A.2d 1228, 1239 (1992), appeal denied, 532 Pa. 655, 615 A.2d 1311 (1992) ("an appellate brief is simply not an appropriate vehicle for the incorporation by reference of matter appearing in previously filed legal documents").

676 A.2d at 241.

■ ¶ 5 Our review of the record reflects that Appellant presents no argument in support of the issues raised on appeal. The argument section of Appellant's brief provides in full:

The KWF argument set forth in KWF's Reply Memorandum of 26 October 2000, and the citations and other authority set forth therein, are fully incorporated herein. (Reply Memo, 27 Oct 2000, 1–10; R. 215a–224a). For the reasons set forth therein, Judge Walsh's order of 9 February 2001, must be reversed and remanded. The issues regarding the inchoate lien, if any, must also be remanded.

KWF's other Briefs on striking lis pendens, lien and garnishment, and the citations and other authority set forth therein, are also fully incorporated herein. (Memo of Law, 18 Oct 1999, 1–4; R. 61a–64a. Reply Memo, 9 Nov 1999, 1–5; R. 161a–165a).

In addition, KWF's Brief of Appellant filed in the Superior Court in the Pileggi matter, Docket # 03162PHL96, is also fully incorporated herein. (Brief of Appellant, 18 Nov 1996; R. 225a–271a).

Appellant's Brief at 9. Appellant incorporates by reference a memoranda of law and a reply memoranda of law found in the record of the case. Also, Appellant incorporates by reference a brief in a 1996 Superior Court case. Such adoption by reference results in an inadequate explanation of the issues and forecloses any meaningful appellate review. We are constrained to conclude that such incorporation by reference constitutes waiver of Appellant's issues on appeal.[1] *Madison Construction Company; Hrinkevich.*

¶ 6 Order affirmed.

---

1. Even if Appellant's issues were not waived, we would conclude that the trial court's determinations on the issues presented to it are supported by the record and involve no error of law or abuse of discretion. Thus, we would affirm on the basis of the Trial Court Opinion of the highly regarded Senior Judge Walsh dated February 9, 2001.