J-A33045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROLAND C. MRACEK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT P. CURLEY, ESQUIRE AND | : | |
| O'DONOGHUE & O'DONOGHUE, LLP, | : | |
| BRICKLAYERS & ALLIED | : | |
| CRAFTWORKERS LOCAL 1 OF PA/DE, | : | |
| TRUSTEES OF BRICKLAYERS & ALLIED | : | |
| CRAFTWORKERS LOCAL 1 OF PA/DE | : | |
| JOINT APPRENTICES TRAINING FUND, | : | |
| TRUSTEES OF BRICKLAYERS & ALLIED | : | |
| CRAFTWORKERS LOCAL 1 OF PA/DE | : | |
| ANNUITY, PENSION FUND AND LOCAL | : | |
| 35 ANNUITY FUND, TRUSTEES OF | : | |
| BRICKLAYER & TROWEL TRADES | : | |
| INTERNATIONAL PENSION FUND, | : | |
| DANIELLE HANNINGS, | : | |
| ADMINISTRATOR BRICKLAYERS & | : | |
| ALLIED CRAFTWORKERS LOCAL 1 OF | : | |
| PA/DE HEALTH AND WELFARE FUND & | : | |
| ADMINISTRATIVE AGENT ON BEHALF | : | |
| OF ALL OTHER FUNDS, ROBERT | : | |
| MICHAELS & ASSOCIATES, INC., AND | : | |
| ROBERT SCANLAN AND BARBARA A. | : | |
| SCANLAN, | : | |
| | : | |
| Appellees | : | No. 803 EDA 2015 |

Appeal from the Order Dated February 11, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2014, No. 02151

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 18, 2016**

Roland C. Mracek appeals from the dismissal of his complaint in a civil

action he filed against Robert P. Curley, Esquire and his firm, O'Donoghue &

* Retired Senior Judge assigned to the Superior Court.

O'Donoghue, LLP (the Curley Defendants); the Bricklayers Funds;[1] Danielle Hannings, as administrator of all of the Bricklayers Funds; and Robert Michaels and Associates, Inc. (Robert Michaels) and its principals, Robert Scanlan and Barbara A. Scanlan (the Scanlan Defendants) (collectively, Appellees). Because we conclude that Mracek has waived all of his issues on appeal, we affirm.

Robert Michaels is a wealth-management company that was incorporated in 2000 by Robert and Barbara Scanlan. In 2013, the Curley Defendants initiated an ERISA case on behalf of the Bricklayers Funds in the Eastern District of Pennsylvania against Hannings and the Scanlan Defendants (Federal Action).[2] Mracek was also named as a defendant in the Federal Action. That lawsuit alleged that Mracek, Hannings and the Scanlan Defendants contributed amounts to the Bricklayers Funds that were insufficient under a collective bargaining agreement.

Mracek filed a counterclaim in the Federal Action for wrongful use of civil proceedings. According to Mracek, despite the fact that he was listed by the Pennsylvania Department of State as President of Robert Michaels, he had never been associated with the company. On September 19, 2013,

_____

[1] These funds include the Bricklayers & Allied Craftworkers Local 1 of PA/DE, Trustees OF Bricklayers & Allied Craftworkers Local 1 of PA/DE Joint Apprentices Training Fund, Trustees Of Bricklayers & Allied Craftworkers Local 1 of PA/DE Annuity, Pension Fund and Local 35 Annuity Fund, and Trustees of Bricklayer & Trowel Trades International Pension Fund.

[2] ***Tr. Of the Bricklayers and Allied Craftworkers Local 1 of PA/DE v. Robert Michaels & Assoc.***, No. 2:13-cv-04182-PD (E.D. Pa. 2013).

Mracek and the Federal Action plaintiffs settled the case. The District Court entered an order stating that "the issues between all Plaintiffs and Defendant Roland C. Mracek have been settled[.]" Complaint, 5/2/2014, Exhibit P-2. That order further provided that Mracek's counterclaim for wrongful use of civil proceedings was dismissed for lack of jurisdiction. *Id*.

In early 2014, Mracek filed and eventually served a praecipe for writ of summons on Appellees. On May 2, 2014, Mracek filed a complaint.[3] That complaint asserted three nebulous causes of action against all Appellees related to Mracek's being a named defendant in the Federal Action and his claim for wrongful use of civil proceedings. The Curley Defendants, Hannings, and the Scanlan Defendants filed a series of preliminary objections to the complaint.

On July 7, 2014, the trial court designated the case as complex and issued a case management order. On July 8, 2014, Mracek filed a motion for stay and for permission to conduct pre-complaint discovery. Specifically, Mracek sought to conduct depositions and written discovery about the facts that led to Mracek's "fraudulent appointment to the position of President … of [Robert Michaels]" listed in the records of the Pennsylvania Department of State. Motion, 7/8/2014, at ¶ 2.

On July 13, 2014, Mracek filed his first amended complaint. That complaint outlined Mracek's purported damages due to being named as a

---

[3] Mracek entitled this filing "Preliminary Complaint." Complaint, 5/2/2014.

defendant in the Federal Action, which included Mracek's "not being able to gain employment, loss of sleep, personal physical manifestations of the stress he has endured and continues to endure, and he will continue to require such medical care for an indefinite time into the future." First Amended Complaint, 7/13/2014, at ¶ 48.

The Curley Defendants, Hannings, and the Scanlan Defendants filed preliminary objections to the first amended complaint. On August 4, 2014, the trial court entered an order denying Mracek's motion for pre-complaint discovery as moot because Mracek filed an amended complaint. Order, 8/4/2014.

On August 28, 2014, Mracek filed a second amended complaint. Appellees filed preliminary objections to the second amended complaint. On November 3, 2014, the trial court entered an order permitting Mracek to file a "Final Amended Complaint" and ordered that Mracek not file another amended complaint without filing a motion "demonstrating good cause to amend and having it granted by the [c]ourt." Order, 11/3/2014.

On November 19, 2014, Mracek filed a complaint pursuant to the trial court's order. Final Amended Complaint, 11/19/2014. That complaint set forth the following counts: Count 1 (against the Curley Defendants) - defamation, misuse of civil proceedings, and negligence; Count 2 (against Hannings and Bricklayers Funds) - negligence, wrongful use of civil proceedings, misuse of civil process, and defamation; and Count 3 (against

the Scanlan Defendants) - negligence, intentional tort, defamation, and invasion of privacy by false light.

On December 9, 2014, Appellees filed preliminary objections to the Final Amended Complaint.  On February 11, 2015, all preliminary objections were sustained as being "unopposed," and the trial court dismissed the complaint.  Mracek filed a motion for reconsideration of the order sustaining the preliminary objections.  On March 7, 2015, Mracek filed a notice of appeal from the order sustaining preliminary objections and dismissing the complaint.  On March 9, 2015, the trial court denied the motion for reconsideration and ordered Mracek to file a concise statement of errors complaint of on appeal pursuant to Pa.R.A.P. 1925.  Mracek filed a statement, and the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Mracek sets forth, albeit inartfully, numerous issues for our review.  However, before we reach these issues, we consider a series of procedural issues set forth by Appellees with respect to Mracek's noncompliance with the Rules of Appellate Procedure.

It is well-settled that "[b]riefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are …  substantial, the appeal … may be … dismissed."  Pa.R.A.P. 2101.  Before this Court is a motion to dismiss pursuant to this rule.

With respect to the reproduced record, on July 15, 2015, Appellees filed a joint application for dismissal. In that application, Appellees requested dismissal of this appeal because Mracek did not file a designation of contents of the reproduced record in violation of Pa.R.A.P. 2154(a). That rule provides, in relevant part, that an appellant shall "serve and file a designation of the parts of the record which he or she intends to reproduce and a brief statement of issues which he or she intends to present for review" no later than 30 days before filing a brief. *Id*. The rule provides further that the "appellant shall include in the reproduced record the parts thus designated." *Id*.

Mracek responded that he did not file his designation of contents of reproduced record because he did not want to burden this Court with a voluminous filing in light of the last sentence in the rule, which states: "In designating parts of the record for reproduction, the parties shall have regard for the fact that the entire record is always available to the court for reference and examination and shall not engage in unnecessary designation." *Id*.; Answer to Motion to Dismiss, 7/20/2015, at ¶ 6 ("Appellant did not wish to engage in 'unnecessary designation'….").

This Court denied Appellees' motion without prejudice, and Mracek was directed to file a designation of contents of reproduced record pursuant to Pa.R.A.P. 2154(a) on or before August 10, 2015. Mracek was further ordered to file a reproduced record on or before August 24, 2015. The order

provided that the failure to comply would result in a dismissal of Mracek's appeal.

On August 10, 2015, Mracek filed a designation of contents of reproduced record, and on August 25, 2015, Mracek filed a reproduced record. On August 26, 2015, Appellees filed a second joint application to dismiss, arguing that the appeal should be dismissed because Mracek did not comply with this Court's prior order. They point out that Mracek's two-volume reproduced record is not paginated correctly in violation of Pa.R.A.P. 2173; thus, Appellees could not cite the reproduced record in their brief. They also aver that Mracek has violated Pa.R.A.P. 2175(a)(2) by failing to present the reproduced record in chronological order. Joint Application For Dismissal, 8/26/2015, at 4-5. Moreover, Appellees argue that they "have been forced to file a Joint Supplemental Reproduced Record containing the documents that they need to cite in their respective briefs to assist this Court in deciding the pending appeal" pursuant to Pa.R.A.P. 2156 because of the "exceptional circumstances" brought about by Mracek's failure to comply with the rules. Curley Defendants' Brief at 6.

We consider these violations in conjunction with the notes in Appellees' briefs about Mracek's failure to comply with briefing requirements. Specifically, the Curley Defendants contend that "Mracek violated Pa.R.A.P. 2111(a)(1) and 2114 by failing to include a Statement of Jurisdiction in his Brief of Appellant." Curley Defendants' Brief at 1. The Curley Defendants

also point out that "Mracek violated Pa.R.A.P. 2111(a)(2) and 2115 by failing to include a statement of the Order In Question in his Brief of Appellant." *Id*. at 2. Next, the Curley Defendants state that "Mracek also violated Pa.R.A.P. 2111(a)(3) by failing to include a Statement of the Scope and Standard of Review in his Brief of Appellant." *Id*. at 3. The Curley Defendants state that Marcek did not include a copy of his 1925(b) statement in his brief in violation of Pa.R.A.P. 2111(a)(11). *Id*. at 10 n. 1. In addition to the aforementioned, the Scanlan Defendants observe that Mracek has violated numerous appellate rules with respect to the statement of the case, citations to the record, and the proof of service. Scanlan Defendants' Brief at 12-18.[4]

"[A]s a practical matter, this Court [dismisses] appeals for failure to conform to the Rules of Appellate Procedure only where the failure to conform to the Rules results in the inability of this Court to discern the issues argued on appeal." *Kern v. Kern*, 892 A.2d 1, 6 (Pa. Super. Ct. 2005). While we do not condone Mracek's flagrant rule violations, and we recognize the extra work that Mracek's conduct has caused Appellees, we decline to dismiss this appeal based upon these defects. *Kern*, *supra* (noting that failure to conform to the Rules of Appellate procedure regarding his brief cannot be condoned, but … failure has not hampered our review).

---

[4] Both Hannings and the Bricklayers Funds have joined the other Appellees with respect to their positions on Mracek's violations of the Rules of Appellate Procedure. Hannings' Brief at 9; Bricklayers Funds' Brief at 8.

Having concluded we will not dismiss Mracek's appeal for these procedural defects, we now turn to Mracek's violations of Pa.R.A.P. 1925.

Pennsylvania Rule of Appellate Procedure 1925 governs the filing of a concise statement of errors complained of on review. Section 1925(b)(4) provides the following, in relevant part, with respect to waiver.

> (ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.
>
> ***
>
> (v) Each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.
>
> (vi) If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.
>
> (vii) **Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived**.

Pa.R.A.P. 1925(b)(4) (emphasis added).

Thus, it is axiomatic that "[a]n appellant's failure to include an issue in his 1925(b) statement waives that issue for purposes of appellate review." ***McKeeman v. Corestates Bank, N.A.***, 751 A.2d 655, 658 (Pa. Super. 2000). ***See also Commonwealth v. Kearney***, 92 A.3d 51, 59 (Pa. Super.

2014) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.").

We now consider Mracek's statement, filed on March 26, 2015, in response to the trial court's order. Mracek prefaced the statement pursuant to Pa.R.A.P. 1925(b)(vi) stating that he could not "readily discern the basis for the judge's decision, and thus [Mracek] explains why its statement of errors [is] identified only in general terms." Statement of Errors Complained of as Errors on Appeal, 3/26/2015, at 1 (unnumbered) (unnecessary capitalization omitted). Nevertheless, Mracek goes on to list eleven errors over the next four pages.

We summarize those allegations of trial court error as follows: failing to permit Mracek to file another amended complaint; stating that the preliminary objections were unopposed; failing to permit oral argument; failing to permit pre-complaint discovery; sustaining the preliminary objections on various bases pursuant to various subsections of Pa.R.C.P. 1028; and dismissing the complaint "when all pleadings admit that [Mracek] was sued incorrectly, without foundation and erroneously." *Id*. at ¶ 11.

In his brief on appeal, Mracek presents six issues.[5] Mracek argues the following: 1) the ***Dragonetti*** action should not have been dismissed because

---

[5] The six issues argued in Mracek's argument section (Mracek's Brief at 14-20) are different than the six issues stated in his statement of questions involved (*id*. at 3-4), which violates Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

the prior action resolved favorably for Mracek, Mracek's Brief at 14-15; 2) Mracek pled a cause of action for negligence, *id*. at 15-16; 3) Mracek pled a cause of action for invasion of privacy against the Scanlan Defendants, *id*. at 16; 4) the trial court erred because it "is difficult to comprehend how [Mracek's] case could not have adequately informed the defendants of the claims against them," *id*. at 17; 5) the trial court erred by not permitting the parties to argue the preliminary objections orally, *id*.; and 6) the trial court erred in dismissing the cause of action for defamation because there was no privilege, *id*. at 18-20.

Thus, the only issue mentioned in both Mracek's concise statement and in his argument section of his brief is the trial court's purported error by failing to permit oral arguments for the preliminary objections. However, that issue is not included in Mracek's statement of questions involved in violation of Pa.R.A.P 2116(a). Accordingly, Mracek has waived all issues on appeal by arguing issues he has not included in his concise statement or in his statement of questions involved.

To the extent that Mracek wishes to rely on the general proposition set forth pursuant to Pa.R.A.P. 1925(b)(vi), he cannot prevail.[6] In *Lineberger v. Wyeth*, 894 A.2d 141 (Pa. Super. 2006), the trial court granted summary

---

[6] "If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver." Pa.R.A.P. 1925(b)(vi).

judgment in favor of Wyeth and dismissed Lineberger's case. Lineberger filed a notice of appeal, and in response to the trial court's order to file a concise statement, Lineberger "announced a very general proposition; namely, that the trial court erred when it granted Wyeth's summary judgment motion." *Id*. at 148-49. On appeal, this Court held that such a vague assertion of error does not preserve any issue for review.

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v. Lord*, [] 719 A.2d 306 ([Pa.]1998)] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, Appellant's Concise Statement was not specific enough for the trial court to identify and address the issue Appellant wished to raise on appeal. As such, the court did not address it. Because Appellant's vague Concise Statement has hampered appellate review, it is waived.

*Lineberger*, 894 A.2d at 148 (quoting *Commonwealth v. Dowling*, 778 A.2d 683, 686–87 (Pa. Super. 2001)).

Accordingly, Mracek's vague and general assertion that the trial court erred in sustaining preliminary objections does not preserve for review any of the substantive issues Mracek now raises on appeal. Mracek's complaint set forth numerous causes of action against numerous defendants. It was

Mracek's responsibility to identify to the trial court precisely why he disagreed with its ruling on preliminary objections. In this case, where Mracek did not file a brief in opposition to Appellees' preliminary objections, it is even more necessary. Thus, we hold that Mracek has waived all issues on appeal.

Because Mracek has waived all issues on appeal, we affirm the order of the trial court. ***See***, ***e.g.***, ***Moses Taylor Hosp. v. White***, 799 A.2d 802 (Pa. Super. 2002) (affirming order of trial court where appellant has waived all issues on appeal).

Joint application to dismiss appeal denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2016