J-S22020-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.B.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| D.M.W. | : | |
| | : | |
| Appeal of: D.M.W. | : | No. 1831 MDA 2015 |

Appeal from the Order Entered September 14, 2015,
in the Court of Common Pleas of Schuylkill County,
Civil Division, at No(s): S-183-2008

BEFORE:   MUNDY, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED APRIL 13, 2016**

D.M.W. (Mother) appeals from the order entered September 14, 2015, which modified provisions of a prior custody order entered with respect to O.W. and W.W. (collectively, Children).  Upon review, we affirm.[1]

Mother and C.B.W. (Father) are the natural parents of Children, both of whom were born during the parties' marriage.  O.W. was born in 2003, and W.W. was born in 2005.  The parties divorced in 2008.  The trial court entered a custody order on May 25, 2011, which provided the following, in

---

[1] Father has filed a motion to dismiss this appeal.  Father sets forth several reasons in his motion, including Mother's failure to file timely a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i); her failure to request and pay timely for the hearing transcript; and her failure to file timely a docketing statement with this Court. Motion to Dismiss Appeal, 12/7/2015, at 1-2 (unnumbered).  In light of our disposition in this case, *infra*, we deny Father's motion to dismiss this appeal.

*Retired Senior Judge assigned to the Superior Court.

relevant part. Mother and Father would exercise shared legal custody, and Mother would have primary physical custody of Children. Father would exercise periods of partial custody based upon his work schedule. Father, a police officer, did not work consistent hours or days.

On January 5, 2015, Father filed a petition for modification of the custody order. The trial court conducted hearings on September 2 and 10, 2015. On September 14, 2015, the trial court entered an order modifying the physical custody order.

Both Father and Mother filed petitions for reconsideration of this order. On October 7, 2015, the trial court entered an order scheduling a hearing on the petitions for reconsideration for November 23, 2015. On October 14, 2015, Mother timely filed a notice of appeal.[2] On October 26, 2015, the trial court entered an opinion stating that it "agrees with the parties that the matter should be remanded to [the trial court] in light of the [p]etitions for [r]econsideration already filed by the parties." Trial Court Order, 10/26/2015, at 2. Then, the trial court cancelled the hearing on the petitions for reconsideration, as it was awaiting "return of the file from the Superior Court." Trial Court Order, 11/9/2015.

---

[2] Mother did not file a concise statement of errors complained of on appeal along with her appeal as required in this Children's Fast Track case by Pa.R.A.P 1925(a)(2)(i). **See** Pa.R.A.P. 1925(a)(2)(i) ("The concise statement of errors complained of on appeal shall be filed and served with the notice of appeal.").

On appeal, Mother argues, *inter alia*, that the trial court erred by "not making a finding on the record nor [authoring] an opinion when addressing Father's petition for modification." Mother's Brief at 16. Although it appears Mother may indeed be correct,[3] we are constrained for the following reasons to conclude that Mother has waived all issues on appeal.

On December 7, 2015, this Court entered an order requiring Mother to file a concise statement in both the trial court and this Court, as well as serve a copy on the trial judge, by December 17, 2015. That order provided that "**[f]ailure of [Mother] to comply with this Order by <u>December 17, 2015</u> shall result in waiver and/or dismissal of the appeal without further notice**." Order, 12/7/2015 (emphasis in original).

---

[3] "In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors[.]" 23 Pa.C.S. § 5328(a). The statute goes on to list the 16 factors that the trial court must consider. *See J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2011) ("**All** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order.") (citation omitted; emphasis in original). Moreover, the trial court must "delineate the reasons for its decision when making an award of custody either on the record or in a written opinion." *S.W.D. v. S.A.R.*, 96 A.3d 396, 401 (Pa. Super. 2014). "A trial court's failure to place its reasoning regarding the § 5328(a) factors on the record or in a written opinion is an error of law." *Id*. (quoting *J.R.M.*, 33 A.3d at 652). Additionally, "the trial court [must] set forth its mandatory assessment of the sixteen factors **prior to the deadline by which a litigant must file a notice of appeal**." *C.B. v. J.B.*, 65 A.3d 946, 955 (Pa. Super. 2013) (emphasis added).

Instantly, the record does not reveal that the trial court considered any of the 16 custody factors before entering this custody order. Moreover, the trial court did not write an opinion with its reasoning prior to the thirty-day period in which Mother had to file her notice of appeal.

Mother filed her concise statement in this Court on December **18**, 2015. Accordingly, this Court issued an interim order, which provided in relevant part: "Appellant is directed to file with the Prothonotary of this Court, no later than January 4, 2016, a date-stamped copy of her Concise Statement of Errors Complained of on Appeal, indicating the date it was filed of record in the trial court[.]" Interim Order, 12/24/2015.

On January 4, 2016, Mother responded averring that she served the concise statement on the trial judge on December 17, 2015. Mother also states that her concise statement was "originally rejected by the Prothonotary of the Court of Common Pleas … because the file was sent to the Superior Court." Mother's Response to Order of Court Dated December 24, 2015 at ¶ 1. However, she does not indicate on what date the Prothonotary rejected her concise statement. Additionally, she provides no proof that she did in fact file or attempt to file her concise statement with either this Court or the trial court on December 17, 2015.[4] Based on the foregoing, we cannot conclude that Mother filed her concise statement on December 17, 2015 in compliance with this Court's directive. Accordingly, Mother has waived her issues on appeal. *See J.M.R. v. J.M.*, 1 A.3d 902, 907 (Pa. Super. 2010) ("[W]hen an appellant … fails to comply with a

---

[4] Mother claims she served the trial judge personally on December 17, 2015. However, even if this is true, it does not substitute for filing. "If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived—even if the Rule 1925(b) statement was served on the trial judge…." *In re L.M.*, 923 A.2d 505, 509 (Pa. Super. 2007)

directive from this Court to file a Concise Statement, any claims on appeal shall be deemed waived pursuant to [***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005).]").  Because Mother has waived all issues on appeal, we affirm the order of the trial court. ***See, e.g., Moses Taylor Hosp. v. White***, 799 A.2d 802 (Pa. Super. 2002) (affirming order of trial court where appellant has waived all issues on appeal).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016