J-A26026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA A. GRIFFITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY GRIFFITH | : | |
| | : | |
| Appellant | : | No. 343 WDA 2018 |

Appeal from the Order February 2, 2018
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD13-007482-017

BEFORE: BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 07, 2019**

Appellant, Randy Griffith ("Husband") appeals from the February 2, 2018 order denying his petition for modification of support. We are constrained to vacate the order and remand to the trial court for proceedings consistent with this Memorandum.

Plaintiff-Appellee, Barbara A. Griffith ("Wife"), filed for divorce from Husband on July 22, 2013. A Consent Order[1] was entered on May 26, 2016 stating, in pertinent part, as follows:

---

[1] The Consent Order was in the nature of a Settlement Agreement, as it settled, by agreement, all economic issues between the parties. *See*, *e.g.,* ***Osial v. Cook***, 803 A.2d 209, 213 (Pa. Super. 2002) (Consent order "is not considered a legal determination by the courts but is an agreement between the parties.").

AND NOW, this 26 day of May, 2016, it is hereby ORDERED in full settlement of all economic issues between the parties they have agreed as follows:  1. Effective June 1, 2016[,] the current order for spousal support/APL[2] is reduced to $500 per month in unmodifiable alimony and shall terminate on May 31, 2020 . . . .6. **should Husband become disabled or loose [sic] his job, through no fault of his own, and unable to substantially replace his income within a reasonable period of time he may petition the court for a modification of the alimony payment described in paragraph 1.** . . .

Order, 5/26/16 (emphasis added).  This order is handwritten and signed by both parties and their attorneys.[3]

Wife filed a Petition for Special Relief dated June 19, 2016, but docketed on July 1, 2016, in which she asserted that the Consent Order was based on the mutual mistaken assumption by the parties that Wife could collect Social Security benefits under Husband's account at one-half of his projected amount, which she identified as $695.  Petition for Special Relief, 6/19/16, at ¶ 13.  Upon application for Social Security benefits, however, she allegedly learned that she could not collect benefits under Husband's account.  *Id.* at 18.  Wife averred that renegotiation with Husband was to no avail.  *Id.* at ¶ 20.  Thus, Wife sought a hearing to overturn the May 26, 2016 Consent Order.

---

[2]  In a subsequent filing for special relief, Wife averred that the amount of spousal support on May 26, 2016, before reduction, was $1,400 per month.

[3]  Both parties were represented by counsel at the time they entered into the Consent Order.  At times, regarding the instant proceedings, both parties appeared *pro* se.  On appeal, Husband is represented by counsel and Wife is *pro se*.

Husband filed an Answer in which he denied any mutual mistake based on an assumption regarding social security. Answer to Petition for Special Relief, 8/9/16, at ¶ 4.[4] It is unclear whether the trial court held a hearing, but it filed an order on July 11, 2016, providing:

> [I]t is ordered that the Consent Order dated May 26, 2016 is modified in that Husband shall pay to Wife $600 per month in nonmodifiable alimony which shall terminate on May 31, 2020. **All o**[5] **terms of the May 26, 2016 Order will remain unchanged**.

Order, 7/11/16 (emphasis added). It is this order that was in effect when Husband filed his Petition for Modification of Alimony, discussed *infra*, which underlies this appeal.[6]

On October 3, 2017, Husband filed a Petition for Modification of Alimony ("Petition for Modification") dated September 19, 2017. In it, Husband sought a decrease in the amount of alimony he must pay Wife because he was "laid off from full time [employment]." Petition for Modification, 10/3/17, at 2. There was a hearing before a Master on November 6, 2017, where both parties

---

[4] Although docketed as filed August 9, 2016, the Answer includes a notice of presentation to opposing counsel that the Answer was to be presented to the Allegheny County Court of Common Pleas Motions Judge on June 24, 2016. The trial court issued its dispositional order on July 11, 2016.

[5] Whether a typographical error, an errant symbol, or a reference to the word "other," the import of the sentence is clear. Except for the amount of "nonmodifiable alimony" Husband was to pay to Wife of $600, all other terms of the May 26, 2016 order remained unchanged by the July 11, 2016 order.

[6] A divorce decree was granted on July 28, 2016.

- 3 -

appeared *pro se*. The Master recommended dismissal of Husband's Petition for Modification because the July 11, 2016 Order provided that alimony is "nonmodificable." Master's Report and Recommendation, 11/7/17.

Husband, *pro se*, filed exceptions on November 27, 2017, and a *pro se* brief on January 8, 2018. It appears the trial court entertained oral argument on Husband's exceptions on January 24, 2018, by both parties, *pro se*. By order filed February 2, 2018, the trial court denied Husband's exceptions and affirmed the Master's Report and Recommendation. Husband filed a notice of appeal on March 5, 2018.[7] Both the trial court and Husband complied with Pa.R.A.P. 1925.[8]

Initially, we are compelled to note that Husband's brief fails to conform to the Pennsylvania Rules of Appellate Procedure. There is no statement of jurisdiction, no order in question, no statement of questions involved, no statement of the case, and no summary of the argument. **See** Pa.R.A.P.

_____

[7] The notice of appeal was timely filed because the thirtieth day of the appeal period fell on March 4, 2018, which was a Sunday. 1 Pa.C.S. § 1908 (whenever the last day of any period referred to in a statute falls on a Sunday, we omit that day from the computation).

[8] Husband's Rule 1925(b) statement raised the following single issue:

> I. The [c]ourt erred by dismissing [Husband's] Petition to Modify Alimony by ruling that Alimony was unmodifiable when the consent order of May 26, 2016 allows for modification in certain circumstances, or conditions, and the July 11, 2016 preserves those circumstances, or conditions.

Pa.R.A.P. 1925 (b) Statement, 3/28/18.

- 4 -

2114–2119 (addressing specific requirements of appellate briefs). Issues are waived when they are not addressed in conformance with the rules. ***Moses Taylor Hospital v. White***, 799 A.2d 802, 804 (Pa. Super. 2002). As provided in Pa.R.A.P. 2101, appellate briefs "shall conform in all material respects with the requirements of these rules," and failure to do so may result in the brief being quashed or dismissed. ***Moses Taylor Hospital***, 799 A.2d at 804; Pa.R.A.P. 2101. While the defects in Husband's brief are substantial, we have concluded that we are able to discern sufficiently the claim Husband seeks to raise. ***See Commonwealth v. Lyons***, 833 A.2d 245 (Pa. Super. 2003) (holding that while brief was defective, this Court would address issues that could reasonably be discerned).

As noted *supra*, the Master held a hearing on Husband's Petition on November 6, 2017, following which she issued a Report and Recommendation. The Master focused upon the language of the July 11, 2016 order that provided that alimony was non-modifiable. The Master stated as follows:

> RECOMMENDATION:. [Husband's] Petition for Modification; is dismissed. By Order of Court dated 7/11/16, the alimony is non-modifiable. [Husband] continues to work through the union and is now seeking a full-time job. Current order for $600/mo. remains in full force and effect.
>
> EXPLANATION: Both parties appeared for the hearing. [Husband] was relying on the May 26, 2016 Order and testified that he did not know about the 7/11/16 Order signed both both parties' respective counsel and signed by J. Satler. [Hearing Officer] explained that the 7/11/16 Order modified the 5/26/16 Order and dismissed [Husband's] Petition.

Hearing Summary, 11/7/17.  However, the Master completely ignored that the July 11, 2016 order also provided that **all other provisions of the May 26, 2016 order remained in effect**.

Husband's position on appeal is essentially the same as he averred to the trial court.  While Husband acknowledges that the May 26, 2016 Consent Order provided that alimony is not modifiable, he points out that the sixth item therein states that Husband may petition for a modification within a reasonable period if he loses his job through no fault of his own.  Husband's Brief at unnumbered 2.  Husband argues that in the July 11, 2016 Order, the parties indeed modified the amount of alimony from $500 to $600, but the order stated that "[a]ll other terms of the May 26, 2016 Order will remain unchanged."  Order, 7/11/16.  Husband posits: "It is evident by this last sentence that, while the parties intended to change the alimony amount, they did not intend to change any other terms of the May 26 Consent Order."  Husband's Brief at unnumbered 3.  Relying on principles of contract law, Husband suggests the July 11, 2016 order is akin to an addendum to the May 26 order.  Husband's Brief at unnumbered 4.  Husband contends that the parties did not specifically write out "every other term from the May 26 Consent Order when they entered into the July 11 Consent Order."  Husband's Brief at unnumbered 5.  By including the language that all other terms of the May 26 order remain unchanged, the parties "specifically incorporated them

as if fully set forth in the July 11 Consent Order." *Id*. Following our careful review, we agree with Husband.

In rejecting Husband's position, the trial court, in pertinent part, stated as follows:

> The Hearing Officer Recommended that Husband's Petition for Modification be dismissed, as the July 11, 2016 Order of Court mandated alimony non-modifiable. The Hearing Officer reasoned that the July 11, 2016 Order modified the May 26, 2016 Order. Upon review, this Court found that the Hearing Officer acted within her discretion. The Pennsylvania Supreme Court has explained:
>
> > A consent decree is not a legal determination by the court of the matters in controversy but is merely an agreement between the parties—a contract binding the parties to the terms thereof. As a contract, the court, in the absence of fraud, accident or mistake, has neither the power nor the authority to modify or vary the terms set forth . . . . The fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties.
>
> *Lower Frederick Twp. v. Clemmer*, 543 A.2d 502, 510 (Pa. 1988).
>
> In order to determine the intention of the parties, the court must give consideration to the surrounding circumstances of the transaction as well as the purpose for which the agreement was created. Id.
>
> The parties had a prior agreement through which the terms of alimony were established including a provision permitting modification under certain circumstances. Then, the parties entered into a subsequent agreement reducing the alimony obligation and including the term "unmodifiable."[9] The inclusion

---

[9] The trial court implies that the July 11, 2016 order "added" the word "unmodifiable" to the descriptor of alimony. In truth, the language of the May 26, 2016 Consent Order also utilized the term "unmodifiable alimony" in describing the amount Husband was to pay Wife, but provided for delineated

of this term conveys the parties' intention to preclude alteration of the alimony obligation in the future. If the parties intended to permit modification of the new obligation, the term "unmodifiable" would have been excluded from the consent decree.

Trial Court Opinion, 4/13/18, at 3–4.

In formulating its holding, and in relying upon the language of the May 26, 2016 Consent Order, as it must, the trial court wholly failed to refer to the final sentence of the July 11, 2016 order that provided "[a]ll o [sic] terms of the May 26, 2016 Order will remain unchanged." Order, 7/11/16.

The Consent Order of May 26, 2016, essentially was a settlement decree of "all economic issues between the parties." Consent Order, 5/26/16. The document, signed by both parties and their counsels, described Husband's payment of alimony to Wife as nonmodifiable but at the same time, set forth a provision and format for modification of alimony if Husband became disabled or lost his job through no fault of his own. *Id.* at item 6.

"It is well-established that the law of contracts governs marital settlement agreements." *Vaccarello v. Vaccarello*, 757 A.2d 909, 914 (Pa. 2000) (quoting *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004)); *Stamerro v. Stamerro*, 889 A.2d 1251, 1259–1260 (Pa. Super. 2005)*.*

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision.

_____

circumstances when modification of alimony could be sought by Husband. Consent Order, 5/26/16, at unnumbered 1.

***Kraisinger v. Kraisinger***, 928 A.2d 333, 339 (Pa. Super. 2007) (citation omitted). Moreover,

> [a] court may construe or interpret a consent decree as it would a contract, but it has neither the power nor the authority to modify or vary the decree unless there has been fraud, accident or mistake.
>
> * * *
>
> It is well-established that the paramount goal of contract interpretation is to ascertain and give effect to the parties' intent. When the trier of fact has determined the intent of the parties to a contract, an appellate court will defer to that determination **if it is supported by the evidence**.
>
> ***Lang v. Meske***, 850 A.2d 737, 739 (Pa. Super. 2004) (internal citations omitted) (quoting ***Osial v. Cook***, 803 A.2d 209, 213–214 (Pa. Super. 2002)). Further, where . . . the words of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the express language of the agreement itself. ***Brosovic v. Nationwide Mut. Ins.***, 841 A.2d 1071 (Pa. Super. 2004).

***Bianchi v. Bianchi***, 859 A.2d 511, 515 (Pa. Super. 2004) (emphasis added).

We are compelled to conclude that the trial court's determination of the parties' intent is not supported by the evidence. The May 26, 2016 Consent Order clearly provided for a modification of alimony in certain circumstances. The July 11, 2016 Order modified the amount of alimony Husband was to pay and authorized that all other provisions of the May 26, 2016 Consent Order remained unchanged. For this reason, we are compelled to vacate the trial court's order of February 2, 2018, and remand to the trial court for further proceedings regarding Husband's Petition for Modification, consistent with this Memorandum.

- 9 -

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/7/2019