J-A16006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JOSEPH T. ROCHE, SR., A DECEASED PERSON | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  SUZANNE CAMPENNI | : : : : : : | |
| | : | No. 1377 MDA 2022 |

Appeal from the Order Entered August 26, 2022
In the Court of Common Pleas of Luzerne County
Orphans' Court at No(s):  4020-1311

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: OCTOBER 27, 2023**

Suzanne Campenni appeals from the order denying her petition for citation sur appeal to set aside the last will and testament of Joseph T. Roche, Sr., deceased ("Decedent"), and affirming the decree of the register of wills admitting the will to probate. Campenni argues that Decedent's will was the product of undue influence. We affirm.

Decedent was married to Jeanne Roche, until her death in March 2019. Decedent and Jeanne Roche shared seven children:  Thomas Roche, Joseph T. Roche, Jr., Mary Ellen Winn, Campenni, Richard Roche, Beverly Donachie, and Dorothy Moher. Beginning in 2014, Winn had power of attorney over Decedent, and used it on two occasions prior to Decedent's death. Further, Winn helped Decedent by taking him to doctor's appointments and cooking him food.

On June 5, 2019, Decedent met with Frank Aritz, Esq. ("Attorney Aritz") to draft a will ("2019 Will"). During the meeting, Decedent told Attorney Aritz that he was dissatisfied with four of his children, Thomas Roche, Joseph T. Roche, Jr., Beverley Donachie, and Campenni, and that his other three children, Winn, Moher, and Richard Roche, did more for him and his late wife than the other children. Under the terms of the 2019 Will, Winn was made the executor of the estate. Further, Winn, Richard Roche, and Moher would each receive a one-third share of two-thirds of Decedent's estate, while the remaining four children would each receive one-quarter of the remaining one-third share.[1] The estimated value of the estate was approximately $720,000.

Decedent died on August 12, 2020. Winn subsequently filed a petition for probate and grant of letters testamentary with the Luzerne County Register of Wills. The register of wills granted Winn letters testamentary and admitted the 2019 Will to probate. On February 22, 2021, Campenni filed a petition of citation sur appeal from probate and to set aside the 2019 Will. Within months, the trial court held a non-jury trial, at which Winn, Campenni, Attorney Aritz, Richard Roche, Moher, and Joseph Roche, Jr. testified. At the conclusion of the trial, both parties submitted proposed findings of fact and conclusions of law. Thereafter, the trial court denied Campenni's petition for citation sur

---

[1] The trial court noted that an alleged will executed in 2014 gave the children equal shares of the estate. *See* Trial Court Opinion, 8/26/22, at 5.

appeal and affirmed the decree of the register of wills admitting the 2019 Will to probate. Campenni timely appealed.

On appeal, Campenni raises the following questions for our review:

1. Did the trial court commit an error of law with respect to the legal standard it applied on the issue of weakened intellect by confusing the standards for lack of testamentary capacity with the element of weakened intellect?

2. Did the trial court commit an error of law when it severely discounted the testimonies of all witnesses pertaining to Decedent's depression?

3. Did the trial court abuse its discretion when it ruled against the weight of evidence and ignored or discounted significant testimony that the Decedent had become depressed by 2019 and instead found that the Decedent did not suffer from a weakened intellect?

4. Did the trial court commit an error of law when it failed to find that [Campenni] met her *prima facie* burden, and refused to shift the burden of proof to the proponents of the 2019 Will?

Appellant's Brief at 6.

This Court's standard of review in a will contest is restricted to determining whether the trial court's factual findings are supported by the record:

In a will contest, the hearing judge determines the credibility of the witnesses. The record is to be reviewed in the light most favorable to appellee, and review is to be limited to determining whether the trial court's findings of fact were based upon legally competent and sufficient evidence and whether there is an error of law or abuse of discretion. Only where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence may the court's findings be set aside.

*In re Estate of Schumacher*, 133 A.3d 45, 49-50 (Pa. Super. 2016) (citation omitted).

In her first claim, Campenni asserts that the trial court committed an error of law by confusing the standard for lack of capacity with the standard for a weakened intellect. *See* Appellant's Brief at 21, 23. Campenni argues that a demonstration of a weakened mental condition does not need to rise to a demonstration of testamentary incapacity. *See id.* at 22, 23. Campenni argues that the trial court improperly supported its determination that Decedent did not suffer from a weakened intellect by citing to Attorney Aritz's testimony that Decedent had testamentary capacity. *See id.* at 23.

Campenni also claims that the trial court improperly discounted evidence that Decedent was depressed due to the passing of his wife since undue influence is accomplished through a gradual inculcation of the mind and therefore facts remote to the signing of a will are critical in demonstrating undue influence. *See id.* at 23-24. Campenni notes that the trial court improperly relied on the occasions Decedent remembered certain things and failed to recognize the evidence establishing his mental decline. *See id.* at 24.

Preliminarily, Campenni does not refer to the place in the record that the trial court utilized an incorrect standard of review. *See* Pa.R.A.P. 2119(c) ("If reference is made to the … opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, … a reference to the place in the record where the matter referred

- 4 -

to appears (see Rule 2132) (references in briefs to the record).”); *see also Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 584 (Pa. Super. 2014) (“This Court will not act as counsel and will not develop arguments on behalf of an appellant.” (citation omitted)).

Moreover, Campenni does not dispute the trial court’s ultimate finding that she failed to meet her burden of establishing, through any medical testimony or other evidence, that Decedent had a weakened intellect. *See* Trial Court Opinion, 8/26/22, at 11, 20; *see also id.* at 3-11 (wherein the trial court made findings of fact, including that Attorney Aritz testified that he had no reservations about Decedent’s mental health and the children had conflicting testimony about Decedent’s health). Instead, Campenni merely seeks to have this Court reweigh the evidence in her favor to establish Decedent had a weakened intellect. However, this Court may not reweigh the evidence, or usurp the trial court’s credibility determinations. *See In re Estate of Schumacher*, 133 A.3d at 49-50; *see also Estate of Mikeska*, 217 A.3d 329, 336 (Pa. Super. 2019) (explaining that in a non-jury proceeding, “[c]redibility determinations and consideration of conflicts in the evidence are within the purview of the trial court.” (citation omitted)). Accordingly, we cannot conclude that the trial court either utilized an incorrect standard in addressing the weakened intellect claim or improperly weighed the evidence.

In her second claim, Campenni reargues that the trial court's determination that Decedent did not suffer from a weakened intellect is against the weight of the evidence. *See* Appellant's Brief at 25. Campenni states that the uncontroverted evidence established that Decedent suffered from depression, noting that Jeanne's death left him weepy and vulnerable and that he lost the will to live. *See id.* at 25, 26. Campenni asserts that the trial court ignored evidence showing Decedent relied on Winn for daily life activities and Winn had power of attorney over him. *See id.* at 26. Campenni further claims that testimony at trial showed Winn would threaten to place Decedent in a nursing home. *See id.* at 25. Campenni concludes that the evidence demonstrated that Decedent's intellect had declined in the last year of his life. *See id.* at 26.

With respect to weakened intellect, this Court has recognized the case-by-case nature of the analysis:

> The weakened intellect necessary to establish undue influence need not amount to testamentary incapacity. Although our cases have not established a bright-line test by which weakened intellect can be identified to a legal certainty, they have recognized that it is typically accompanied by persistent confusion, forgetfulness and disorientation. Moreover, because undue influence is generally accomplished by a gradual, progressive inculcation of a receptive mind, the "fruits" of the undue influence may not appear until long after the weakened intellect has been played upon. Accordingly, the particular mental condition of the testator on the date he executed the will is not as significant when reflecting upon undue influence as it is when reflecting upon testamentary capacity. More credence may be given to remote mental history.

*In re Estate of Schumacher*, 133 A.3d at 52 (internal citations and some quotation marks omitted).

As noted above, the trial court specifically found that Campenni failed to produce any medical testimony or records to support her claim that Decedent had a weakened mental intellect. **See** Trial Court Opinion, 8/26/22, at 11, 20. In fact, the trial court found that the evidence established that despite Decedent's declining physical health, "he retained his mental capacity through recitation of the terms and execution of the 2019 Will." *Id.* at 12. Here, Campenni fails to establish, through any reasoned analysis, that Decedent's depression from losing his wife or the fact Winn had power of attorney over Decedent demonstrated that he had a weakened intellect. We further decline Campenni's invitation to reweigh the evidence in her favor. *See In re Estate of Schumacher*, 133 A.3d at 49-50; *see also Estate of Mikeska*, 217 A.3d at 336. Therefore, we conclude Campenni's second claim is without merit.

In her third claim, Campenni contends that she met her burden of proving undue influence and that the trial court erred in failing to shift the burden to Winn. **See** Appellant's Brief at 26, 27-28. Campenni claims that Winn's share of the estate increased in the 2019 Will, which established a substantial benefit. **See** *id.* at 27. Campenni, incorporating her second argument by reference, argues that the evidence established that Decedent

had a weakened intellect. ***See id.*** Campenni further asserts that Winn had a confidential relationship with Decedent. ***See id.***

"In making a will an individual may leave his or her property to any person or charity, or for any lawful purpose he or she wishes, unless he or she lacked mental capacity, or the will was obtained by forgery or fraud or undue influence, or was the product of a so-called insane delusion." ***In re Estate of Nalaschi***, 90 A.3d 8, 11 (Pa. Super. 2014) (citation and quotation marks omitted).

> The resolution of a question as to the existence of undue influence is inextricably linked to the assignment of the burden of proof. Once the proponent of the will in question establishes the proper execution of the will, a presumption of lack of undue influence arises; thereafter, the risk of non-persuasion and the burden of coming forward with evidence of undue influence shift to the contestant. The contestant must then establish, by clear and convincing evidence, a *prima facie* showing of undue influence by demonstrating that: (1) the testator suffered from a weakened intellect; (2) the testator was in a confidential relationship with the proponent of the will; and (3) the proponent receives a substantial benefit from the will in question. Once the contestant has established each prong of this tripartite test, the burden shifts again to the proponent to produce clear and convincing evidence which affirmatively demonstrates the absence of undue influence.

***In re Estate of Byerley***, 284 A.3d 1225, 1237 (Pa. Super. 2022) (citations and quotation marks omitted).

Campenni's argument merely provides bald speculative allegations with no support in the record or case law and incorporates by reference her prior argument regarding weakened intellect. Such an argument results in a waiver of the claim. ***See In re Est. of Whitley***, 50 A.3d at 209; ***Moses Taylor***

*Hosp. v. White*, 799 A.2d 802, 805 (Pa. Super. 2002) (noting that an "adoption by reference results in an inadequate explanation of the issues and forecloses any meaningful appellate review.").

In any event, even if we did not find waiver, Campenni did not establish a *prima facie* case of undue influence through clear and convincing evidence. Campenni's argument fails to present any compelling authority or logic to support her claims that (1) Decedent suffered from a weakened intellect, and (2) Winn was in a confidential relationship with Decedent. *See* Appellant's Brief at 27 (containing Campenni's boilerplate assertions that Decedent's mental health declined and that Winn held a confidential relationship with Decedent). Moreover, Attorney Aritz's credible testimony established that Decedent explained that the terms of the 2019 Will reflected that the children who took better care of him and Jeanne Roche would receive a larger share of his estate. *See* N.T., 6/7/22, at 325-29; *see also* Trial Court Opinion, 8/26/22, at 15 (finding Attorney Aritz's testimony to be highly credible). Accordingly, even if Campenni did not waive her third claim, it would be without merit.

In her final claim, Campenni contends that the trial court's determination that the 2019 Will was not the result of undue influence is against the weight of the evidence. *See* Appellant's Brief at 28. Campenni highlights that Winn had a confidential relationship with Decedent because she provided him meals, helped in his daily life activities, took him to doctors'

- 9 -

appointments, and had power of attorney over Decedent. *See id.* at 29. According to Campenni, because Winn had a confidential relationship with Decedent, the burden shifted to Winn to prove that the 2019 Will was not the product of fraud. *See id.* Further, Campenni maintains that Winn, Moher, and Richard Roche formed an alliance to care for Decedent in order to avoid spending the money on a nursing home and keeping the money. *See id.*

Here, Campenni has not demonstrated that her speculative arguments have support in the record, and instead asks this Court to reweigh the evidence in her favor. We again decline Campenni's invitation to do so. *See In re Estate of Schumacher*, 133 A.3d at 49-50; *see also Estate of Mikeska*, 217 A.3d at 336. Moreover, Campenni misstates the law in seeking to shift the burden to Winn merely based upon the purported existence of a confidential relationship. *See In re Estate of Byerley*, 284 A.3d at 1237 (noting that to prove undue influence, the contestant must establish each prong of the tripartite test before the burden shifts to the proponent of the will). Campenni's final claim is without merit.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/27/2023</u>