Lovisha LOVE–DIGGS

v.

Ram TIRATH, Kamal Cab Company, and Pennsylvania Financial Responsibility Assigned Claims Plan

v.

Prime Insurance Syndicate, Inc. and Inex Insurance Exchange, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 31, 2006.
Filed Nov. 8, 2006.

Adrian J. Gordon, Philadelphia, for Prime, Ins., appellant.

James Wells, Philadelphia, for Tirath, appellee.

Thomas P. Kelly, Philadelphia, for Pennsylvania, appellee.

Jason Greshes, Philadelphia, for Love–Diggs, appellee.

BEFORE: McCAFFERY, PANELLA, and JOHNSON, JJ.

OPINION BY PANELLA, J.:

■ ¶1 Appellants, Prime Insurance Syndicate, Inc. and INEX Insurance Exchange, appeal from the judgment entered on May 30, 2006,[1] in favor of Appellees, Lovisha Love–Diggs, Ram Tirath, and the Pennsylvania Financial Responsibility Assigned Claims Plan (the "Plan"), by the Honorable James Murray Lynn, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

¶2 Due to our disposition, only a brief factual background is necessary for our discussion. On April 27, 2002, Love–Diggs was a passenger in a taxi cab owned by Kamal Cab Company[2] and driven by Tirath. The cab was involved in an accident with a truck. Immediately after the accident, the truck fled the scene. Love–Diggs sustained injuries as a result of the accident.

¶3 Thereafter, on April 16, 2003, Love–Diggs filed a complaint against Tirath, Kamal Cab Company, and the Plan. On June 16, 2003, the Plan filed a complaint joining as additional defendants Prime Insurance and INEX. The Plan's complaint alleged that Kamal Cab Company was insured by an automobile liability insurance policy issued by Prime Insurance and INEX which covered the accident at issue as described in Love–Diggs' complaint.

¶4 The matter proceeded to a non-jury trial on June 28, 2004, at which time the complete automobile insurance liability policy issued by Prime Insurance to Kamal was introduced into evidence. The trial court subsequently found in favor of Love–Diggs, awarding her $20,000.00 to be paid directly by Prime Insurance and INEX. On July 8, 2004, Prime Insurance and INEX filed a post-trial motion, which the trial court denied by an order entered February 16, 2005. This timely appeal followed.

■ ¶5 On appeal, Prime Insurance and INEX raise only one issue for our review:

"Whether the trial court erred in determining that defendants Prime Insurance Syndicate, Inc. and INEX Insurance Exchange were obligated to provide Kamal Cab Company with insurance coverage when the vehicle involved in an accident was not listed as a scheduled vehicle on the policy of insurance issued by Prime Insurance

---

1. Prime Insurance and INEX purport to appeal from the order denying their post-trial motion. *See* Notice of Appeal, 3/16/05. As we recently explained in *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523 (Pa.Super.2006), "[o]rders denying post-trial motions, however, are not appealable. Rather, it is the subsequent judgment that is the appealable order when a trial has occurred." *Id.*, at 525 n. 1 (citations and internal quotation marks omitted). Judgment was not entered until May 30, 2006, a date subsequent to the filing of Prime Insurance and INEX's notice of appeal. As in *Harvey*, "[d]espite [Prime Insurance and INEX's] error in prematurely filing their notice of appeal, this Court will address the appeal because judgment has been entered on the verdict." *Id.* We have corrected the caption accordingly.

2. Kamal Cab Company did not file an answer to the complaint nor did it appear for trial.

Syndicate, Inc. and INEX Insurance Exchange and the policy issued to Kamal specifically provides that coverage is afforded thereby only for listed, scheduled.vehicles [sic]."

Appellants' Brief, at 4.

■ ¶ 6 The issue raised on appeal centers exclusively on the interpretation of an automobile liability insurance policy. As mentioned, the complete policy was entered into evidence at trial. *See* N.T., 6/28/04, at 6–7. In the certified record on appeal, however, the policy is missing. "It is an appellant's duty to insure that the certified record contains all documents necessary for appellate review." *In re O'Brien,* 898 A.2d 1075, 1082 (Pa.Super.2006) (citation omitted). If the necessary documentation is not in the certified record, this Court will find the issue raised on appeal waived. *See, e.g., Kaplan v. O'Kane,* 835 A.2d 735, 742 (Pa.Super.2003). Accordingly, we are constrained to find the issue raised on appeal waived. *See id.*

¶ 7 We further note that we have reviewed the reproduced record submitted by Prime Insurance and INEX. Our review discloses that Prime Insurance and INEX have only included selected portions of the automobile liability insurance policy in the reproduced record. Conspicuously absent from the reproduced record prepared by Prime Insurance and INEX is the "Form F Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement" referenced in the trial court's opinion. *See* Trial Court Opinion, 7/26/06, at 4–5. The Form "F" endorsement is included in the Plan's supplemental reproduced record. *See* Supplemental Reproduced Record, at 10b.

¶ 8 The Pennsylvania Public Utility Commission has explained the importance of the Form E [3] and F endorsements as follows:

The Form "F" endorsement constitutes an amendment of the underlying insurance policy to provide that coverage shall be in accordance with the coverage required by "any State motor carrier law or regulations promulgated by any State commission with jurisdiction" over the motor carrier. Accordingly, by filing the Form "E" certification, coupled with the Form "F" endorsement, the insurer certifies to the Commission that it is providing coverage in accordance with the law, notwithstanding any potentially contrary terms contained in an individual policy of insurance.

Our statute and regulations clearly require coverage on each and every vehicle used by a motor carrier in its authorized service. 66 Pa.C.S. § 512, 52 Pa. Code §§ 32.11, 32.12. As noted earlier, the Public Utility Code requires coverage for "each and every vehicle". 66 Pa.C.S. § 512. In addition, Commission regulations provide that an insurer must file with the Commission a Form "E" to cover bodily injury or property damage "resulting from the operation, maintenance or use of a motor vehicle in the insured authorized service". 52 Pa.Code §§ 32.11, 32.12. Vehicle lists utilized by an insurer and insured as part of the private insurance contract cannot be used to defeat coverage for all vehicles used by a carrier in its service, as required by law.

*Insurance Coverage Requirements for Motor Carriers,* Declaratory Order, 2005 WL 1876133, at 5 (Pa. P.U.C. filed May 23, 2005).

---

**3.** The Form E endorsement is entitled, "Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance."

¶ 9 In *Insurance Coverage Requirements for Motor Carriers,* the Pennsylvania Public Utility Commission reaffirmed its declaration in *Petition of Thomas Redfield,* Docket No. P–00950951 (Order entered October 4, 1995), wherein the Commission "found that coverage was available to claimants, regardless of whether a particular carrier vehicle involved in an accident was listed on the insurance policy." *Insurance Coverage Requirements for Motor Carriers,* 2005 WL 1876133, at 1. *See also id.,* at 6 (holding that "exclusionary clauses contained in an insurance policy will not defeat coverage mandated by law.").

¶ 10 In its decision, the trial court relied on the Pennsylvania Public Utility Commission's declaratory order in *Insurance Coverage Requirements for Motor Carriers* to deny Prime Insurance's and INEX's contention that the absence of the specific taxi cab [4] involved in the accident from the automobile liability insurance policy precludes coverage where the policy provides that coverage is available to only listed vehicles. *See* Trial Court Opinion, 7/26/06, at 7–8. We agree with the trial court that the Pennsylvania Public Utility Commission's declaratory order in *Insurance Coverage Requirements for Motor Carriers* renders Prime Insurance's and INEX's argument meritless.

¶ 11 Judgment affirmed. Jurisdiction relinquished.

---

4. It is undisputed that the cab was owned by Kamal Cab Company.