J-A01002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAWN D. MAURER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER CURRAN, JR. | : | |
| | : | |
| Appellant | : | No. 1426 EDA 2023 |

Appeal from the Order Entered May 11, 2023
In the Court of Common Pleas of Bucks County Domestic Relations at
No(s): 2021DR00468

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED MARCH 11, 2024**

Walter Curran Jr. (Father) appeals from the order, entered in the Court of Common Pleas of Bucks County Domestic Relations Section (DRS), holding him in civil contempt for willful failure to pay $1,317.61 of unreimbursed medical expenses, for his two children, as a part of child support. After review, we affirm.

In light of our disposition, we provide only a truncated, relevant history of the proceedings. On March 9, 2010, the parties entered into a marital settlement agreement, and were divorced by decree on April 16, 2013. On March 22, 2023, the trial court entered a modified support order. Eight days after the entry of this order, the DRS filed a petition for contempt against Father for failing to pay unreimbursed medical expenses in the amount of

_____

[*] Retired Senior Judge assigned to the Superior Court.

$1,437.61. On May 11, 2023, the trial court conducted a contempt hearing, after which the trial court found Father in contempt and ordered that Father be remanded to the Bucks County Correctional Facility for six months. Additionally, the trial court ordered that Father may purge his contempt by paying the overdue unreimbursed medical expenses in the amount of $1,317.61. Father paid immediately and purged himself of his contempt.

Father filed a timely notice of appeal. Both Father and the trial court have complied with Pa.R.A.P. 1925.

Prior to addressing Father's claims, we observe that the certified record before this Court contains no transcripts. **See** Pa.R.A.P. 1911(d) (if appellant fails to take action required by appellate rules and Pennsylvania Rules of Judicial Administration for preparation of transcript, appellate court may take such action as it deems appropriate); **see also Smith v. Smith**, 637 A.2d 622, 623 (Pa. Super. 1993) ("it is the responsibility of the [a]ppellant to supply this Court with a **complete** record for purposes of review") (emphasis in original). "[A] failure by an [a]ppellant to [e]nsure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined." **Smith**, 637 A.2d at 623-24; **see also Kessler v. Broder**, 851 A.2d 944, 950 (Pa. Super. 2004) (reiterating appellant's responsibility to produce complete record for appeal); **see also Love-Diggs v. Tirath**, 911 A.2d 539, 541 (Pa. Super. 2006) (finding waiver of issue on appeal where appellant failed to include necessary information for appellate review in certified record).

- 2 -

Instantly, Father included a Request for Transcripts in his Notice of Appeal, as required by Rule 1911(a). **See** Pa.R.A.P. 1911(a) ("appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 et seq. of the Pennsylvania Rules of Judicial Administration"). However, Father only requested the transcripts "for the hearings held on March 8, 2013[,] and October 31, 2013." **See** Notice of Appeal and Request for Transcript, 6/5/23, at 1. As we noted **supra**, the instant contempt proceedings originated in 2023. Moreover, no transcripts appear in the certified record before this Court. Accordingly, we are constrained to conclude that Father has waived his claims. **See Smith**, **supra**; **Love-Diggs**, **supra**; Pa.R.A.P. 1911(d).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2024